**SO ORDERED.**

**SIGNED this 02nd day of June, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### El Paso Division

| IN RE | BANKR. CASE NO. |
|---|---|
| ISIDRO GRAU | 09-32460-C |
| *DEBTOR* | CHAPTER 13 |

### ORDER REGARDING NOTICE OF INTERLOCUTORY APPEAL, RULE 59(D) FED.R.CIV.P. TO THE FIFTH CIRCUIT COURT OF APPEALS

CAME ON for consideration the foregoing matter. The clerk of court has asked for assistance regarding the\is pleading. This order is entered to guide the clerk in the docketing of the debtor's pleading, and to address the issues raised under Rule 8001(f)(1), (2), and (3).

The debtor's pleading (restated in the caption of this order) complains that "a Motion for New Trial was timely filed pursuant to Rule 59(e) Fed.R.Civ.P." The court is unaware of any such motion. The debtor *did* file a Motion to Set Aside Summary Judgment [#22] on December 31, 2009. This may be the pleading which the debtor is now calling "Motion for New Trial." The debtor next complains that "the Court waited out beyond the mandatory 28 time period in which to grant a new trial pursuant to Rule 59(d) Fed.R.Civ. P. In an action that should be considered abuse of discretion

by the Acting Judge." The statement appears to be a reference to the fact that no order has been docketed regarding the Motion to Set Aside Summary Judgment. The debtor appears to believe that Rule 59(d) imposes a 28 day deadline on the court within which to rule on a motion for new trial under Rule 59. The debtor misapprehends Rule 59(d). The subsection is one of *permission* not *prescription*. It is entitled "New Trial on the Court's Initiative or for Reasons Not in the Motion," then proceeds to state that "no later than 28 days after the entry of judgment, the court, *on its own*, *may* order a new trial for any reason that would justify granting one on a party's motion." FED.R.CIV.P. 59(d). Thus, the failure of a court to rule on a motion for new trial within 28 days is not an abuse of discretion under this rule.

It is true that motions for new trial should be considered promptly. However, the rule itself does not set a hard and fast deadline. Thus, the debtor is mistaken in relying on this rule for the next proposition asserted in his Notice of Interlocutory Appeal, namely, his statement that "the Debtor believes, that because of implied consent based on color of law that the Jurisdiction to Appeal an Interlocutory Decision does not have to await a reply from the acting judge,; and should and must be granted as a matter of law and justice." [sic] While the grammar is tortured, it appears that the debtor believes that this court did not enter an order on his Motion to Set Aside Summary Judgment, and so has somehow impliedly consented to the debtor's appealing either the non-ruling or (more likely) the underlying order dismissing the case [#19].

The court in fact *did* enter an order on the Motion to Set Aside Judgment, albeit by a different vehicle. The court set the debtor's Motion to Set Aside Summary Judgment for hearing on April 7, 2010. At that hearing, the debtor stated that he no longer wished to pursue the matter, because it had become moot. The court was to prepare a form of order denying the Motion to Set

Aside Summary Judgment. *See* Proc. Memo, Apr. 7, 2010. Before the court prepared an order, however, the debtor filed what he entitled Second Motion for New Trial. In this motion, the debtor took issue with the court's bench ruling, demanding that the court change its ruling or face an appeal to the Fifth Circuit. The court issued an order on the Second Motion for New Trial, denying the motion on its merits. In so doing, the court laid out its reasons for why there were no grounds for setting aside the Order for Summary Dismissal as well. *See* Order [#39] on Second Motion to Reconsider and to Set Aside Summary Dismissal Order. In a footnote, the court noted that no order had to date been entered on the Motion to Set Aside Summary Judgment, and stated that "[that] motion recites essentially the same concerns. Thus, this order should also be treated as a ruling on that motion as well." Order [#39], at p. 4, note 1. Thus, all pending motions for new trial have been resolved by an order of this court, such that an appeal from the Order for Summary Dismissal can be pursued. *See* FED.R.BANKR.P. 8002(b).

The court deems this Notice of Interlocutory Appeal to be, in fact, a Notice of Appeal from a *final* judgment, order or decree, to wit, this court's Order of Summary Dismissal [#19], entered on December 21, 2009. There is thus no need to seek leave of court to pursue an interlocutory appeal, because the appeal is not interlocutory.

The debtor seeks an appeal directly to the Fifth Circuit. Such appeals require two steps with respect to this court. First, this court must determine whether the appeal is timely. If it is not, then no certification is appropriate. *See* FED.R.BANKR.P. 8001(f)(1). Second, if the first condition is met, then the court must determine whether the appeal is deserving of certification under section 158(d)(2)(A)(i)-(iii). *See* FED.R.BANKR.P. 8001(f)(2).

The appeal appears not to be timely. The time for appeal appears to have commenced with

3

the entry of this court's order disposing of all then pending motions for new trial, or May 6, 2010. The debtor did timely file a motion for new trial under Rule 59 with respect to the Order of Summary Dismissal, albeit inartfully entitled Motion to Set Aside Summary Judgment. A timely motion for new trial effectively extends the time for filing a notice of appeal. *See Lapeyrouse v. Texaco, Inc.*, 670 F.2d 503, 505 (5th Cir. 1982). The time for appeal of a final order in a bankruptcy case is 14 days. *See* FED.R.BANKR.P. 8002(a). That appeal time does not begin to run until the court has disposed of a timely filed motion for new trial. *See* FED.R.BANKR.P. 8002(b). In this case, the court entered an order on May 6, 2010 disposing of the debtor's timely filed (though inartfully titled) Motion to Set Aside Summary Judgment. *See* discussion *supra*. Thus, the last day to file a notice of appeal was May 20, 2010. This Notice of Interlocutory Appeal was filed on May 28, 2010, eight days later. If this court's calculations are correct, then the appeal is untimely.

It might be argued that the debtor's *Third* Motion for New Trial, filed May 25, 2010 further extended the time for an appeal. That argument is problematic. The Fifth Circuit has held that a second round of post-judgment motions is ineffective to extend the time period for filing a notice of appeal. *See In re Stangel,* 68 F.3d 857, 859 (5th Cir. 1995). Even if it were effective, however, the Third Motion was not timely, as it was filed more than 14 days after the entry of the court's Order [#39] Denying Second Motion for New Trial and To Set Aside Summary Dismissal Order. Only a *timely* filed motion for new trial extends the time for appeal. *See Lapeyrouse v. Texaco, Inc.*, 670 F.2d 503, 505 (5th Cir. 1982). The Third Motion for New Trial was filed May 25, 2010, or five days past the deadline to file such a motion. *See* FED.R.BANKR.P. 9023 (altering the deadlines in Rule 59 for bankruptcy cases).

The second question is whether, assuming this appeal *were* timely, it would be an appropriate

4

matter for certification. A bankruptcy court, *on request of a party to the judgment, order, or decree*, is to certify that the order in question involves a question of law as to which there is no controlling decision of the court of appeals for the circuit, or involves a matter of importance, or the order involves a question of law requiring resolution of conflicting decisions, or an immediate appeal might materially advance the progress of the case. *See* 28 U.S.C. §§ 158(d)(2)(A)(i)-(iii); (d)(2)(B)(i). This Notice of Interlocutory Appeal makes the argument that an appeal is timely. It does not, however, suggest that the appeal warrants certification to the court of appeals, nor does it in fact ask this court to make such a certification. Absent a request by a party in interest, there is no duty to certify. *See* 28 U.S.C. § 158(d)(2)(B)(i); *see also* FED.R.BANKR.P. 8001(f)(2)(A).

The bankruptcy court may *on its own initiative* make a certification before docketing of the appeal or grant of leave to appeal. *See* FED.R.BANKR.P. 8001(f)(2)(A)(i). However, the predicate for this court's doing so is its finding that the notice of appeal is timely. *See* FED.R.BANKR.P. 8001(f)(1). This court has found that the appeal was not timely. Thus, it is not appropriate for this court to address the certification question at this time.

The court notes that Rule 8001(f)(3) provides a mechanism for requesting certification, which must be timely. *See* 28 U.S.C. § 158(d)(2)(E) (specifying that requests for certification must be filed not later than 60 days after the entry of the judgment or order from which appeal is taken). The rule also specifies the matters that must be addressed in such a request and specifies that such a certification must be made in a separate document served on the parties (in this case, the chapter 13 trustee). *See* FED.R.BANKR.P. 8001(f)(3)(C), (F). Until the appeal is duly certified, it is handled as an appeal to the district court. Before the appeal is docketed with the district court, it is deemed to be pending in this court, and it is this court to whom a request for certification must be addressed.

*See In re Scotia Pacific Co.*, 508 F.3d 214, 219 (5th Cir. 2007). After the appeal is docketed in the district court, it is deemed pending in the district court, and a request for certification must be addressed to the district court.

Based on the foregoing it is not appropriate for the court to address the question of whether the appeal should be certified to the Fifth Circuit, even if the appeal were timely, because the debtor has not yet met the requirements of Rule 8001(f)(3).

The clerk of court is directed to docket this document as a notice of appeal from this court's Order of Summary Dismissal [#19]. The Clerk is further directed to treat this matter as a final appeal, and not an interlocutory appeal. Finally, subject to further orders of this court or the district court, the Clerk is directed to treat this matter as an appeal to the district court for this district and division.

This order is to be linked to the Notice of Interlocutory Appeal [#42].

# # #